# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-10703

United States Court of Appeals
Fifth Circuit

**FILED**
November 12, 2018

Lyle W. Cayce
Clerk

AUTHER ANDERSON; GARY RICHARDSON,

Plaintiffs–Appellants,

v.

YRC, INCORPORATED,

Defendant–Appellee.

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:15-CV-3992

Before STEWART, Chief Judge, DENNIS, and WILLETT, Circuit Judges.

PER CURIAM:*

Plaintiffs contend the district court erred in dismissing their employment-discrimination action on summary judgment. They argue the district court improperly limited its review by refusing to consider facts not pleaded in the amended complaint or included in the EEOC charges and that it failed to apply the continuing-violations doctrine. But we need not reach these arguments. Even if Plaintiffs prevailed on them, they would still not be

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-10703

entitled to relief because their underlying hostile-work-environment claim fails to survive summary judgment. We AFFIRM.

\* \* \*

We review grants of summary judgment *de novo*, applying the same standard as the district court. *Hyatt v. Thomas*, 843 F.3d 172, 176 (5th Cir. 2016). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A dispute is genuine if the summary judgment evidence is such that a reasonable jury could return a verdict for the [non-movant]." *Hyatt*, 843 F.3d at 177 (cleaned up).

A hostile-work-environment plaintiff must show:

> (1) the victim belongs to a protected group; (2) the victim was subjected to unwelcome harassment; (3) the harassment was based on a protected characteristic; (4) the harassment affected a term, condition, or privilege of employment; and (5) the victim's employer knew or should have known of the harassment and failed to take prompt remedial action.

*EEOC v. WC&M Enters., Inc.,* 496 F.3d 393, 399 (5th Cir. 2007). Failure to prove any of the elements causes the plaintiff's claim to fail. Here, we need only discuss the final element: whether YRC "failed to take prompt remedial action."

To survive summary judgment, Plaintiffs needed to show a genuine dispute of material fact on this point. *See id.* Instead, the evidence shows that YRC's action was both prompt and remedial. It opened an investigation the day after the February 5 noose was reported. It interviewed more than 450 employees, reviewed more than 250 hours of video footage, contacted local and federal authorities, and instituted the secret-witness program. Plaintiffs contend YRC's investigation was inadequate and "mere window dressing" because no one was fined, suspended, or fired as a result. YRC responds that

2

No. 17-10703

if its response were deemed inadequate under Title VII, the effect would be to impose on employers requirements found nowhere in the law. YRC took preventive measures by increasing security, prohibiting the use of rope in the facility, and reiterating the company's harassment and vandalism policies during weekly pre-shift meetings.

No reasonable trier of fact could conclude that YRC's response was inadequate or deny that it was "'reasonably calculated' to end the harassment." *Hockman v. Westward Commc'ns, LLC,* 407 F.3d 317, 329 (5th Cir. 2004) (quoting *Skidmore v. Precision Printing and Packaging, Inc.*, 188 F.3d 606, 615 (5th Cir. 1999)).

**\* \* \***

For these reasons, we AFFIRM the district court's grant of summary judgment.

3